**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| S. E. D.,[1] | ) | |
| | ) | |
|      **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-26-520-CMS** |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
|      **Defendant.** | ) | |

**<u>REPORT AND RECOMMENDATION</u>**

Before the Court is Plaintiff's Application to Proceed in District Court Without

Prepaying Fees or Costs ("Application").  Doc. 2. This matter has been assigned to the

undersigned Magistrate Judge pursuant to *In re: Social Security Cases*, G.O. 23-1 (W.D.

Okla.) (eff. Jan. 6, 2023).  After careful review, the undersigned recommends that the Court

deny the Application.

**I.     <u>Analysis</u>**

The filing fee for a civil case in this Court is $405.00.[2]  Courts have discretion in

deciding whether to grant a civil litigant permission to proceed in forma pauperis ("IFP").

28 U.S.C. § 1915(a); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

---

[1] The Court refers to Plaintiff by initials to protect Plaintiff's privacy because of the sensitive nature of medical and personal information disclosed in Social Security cases.

[2] The total filing fee includes a base fee of $350.00 plus an administrative fee of $55.00. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched*. ¶ 14.

Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (citation modified). To succeed on an application to proceed IFP, the plaintiff must show "a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312.

### A.    Factors for consideration

Factors the Court may consider in exercising its discretion include "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (citation modified). Plaintiff appeals the Commissioner of Social Security's denial of benefits. Doc. 1. But even assuming the complaint is not frivolous or malicious, the remaining factors weigh against granting Plaintiff's Application. Plaintiff is not a prisoner, so the special concerns attendant to prisoner cases do not apply.

As to the financial-resources factor, the Court may consider both income and assets. *See Lister*, 408 F.3d at 1311 (noting that an applicant's income, assets, and expenses are relevant for consideration of an IFP application). With respect to income, the Court considers the degree to which Plaintiff's monthly income exceeds her monthly obligations. *See Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) (affirming denial of IFP status, in part, because plaintiff's "monthly income exceeded his monthly obligations by several hundred dollars"). And in considering income, the Court considers Plaintiff's household income. Here, because Plaintiff relies on her son's disability payments for

financial support, the Court considers that financial resource in assessing Plaintiff's inability to pay the filing fee. *See, e.g., Freisinger o/b/o A.A.F. v. Dudek*, No. CIV-25-104-CMS, 2025 WL 913637, at *1 (W.D. Okla. Feb. 19, 2025) (explaining a court considers the "income and assets of persons who financially support" a plaintiff applying to proceed IFP) (R&R), *adopted*, 2025 WL 909238 (W.D. Okla. Mar. 25, 2025); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (citation modified)); *Zhu v. Countrywide Realty Co.*, 148 F. Supp. 2d 1154, 1156 (D. Kan. 2001) ("Courts have found that the income and assets of close family members are relevant to a determination of indigency under 28 U.S.C. § 1915." (citation modified)); *Williams v. Spencer*, 455 F. Supp. 205, 208 (D. Md. 1978) (explaining that, in determining whether litigants are unable to pay, the court should consider resources "they have or can get" (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948)).

### B.    Plaintiff's financial resources

Plaintiff is employed and receives monthly income of approximately $2,166.67. Doc. 2 at 1. She also supports her son, who receives $995.00 a month in disability benefits. *Id.* As such, her monthly income is approximately $3,161.67. Plaintiff also lists monetary assets of $57.00 plus approximately $600.00 in equity in her 2014 Jeep Cherokee. *Id.* at 2.

Plaintiff's total monthly debts amount to $2,622.00. *Id.* As such, Plaintiff's monthly income exceeds her debts by approximately $539.67. "While this Court does not

suggest that [Plaintiff] is wealthy or has lots of money to spend, she does appear to have discretionary income and/or assets.  It appears that she has the ability to spend her discretionary funds on filing fees if she desires." *Lewis v. Ctr. Mkt.*, No. CIV. 09-306 JB/RHS, 2009 WL 5217343, at *3 (D.N.M. Oct. 29, 2009), *aff'd*, 378 F. App'x 780 (10th Cir. 2010); *see also Brewer*, 24 F. App'x at 979 (affirming denial of IFP status because plaintiff's "monthly income exceeds his monthly expenses by a few hundred dollars").  The undersigned therefore finds that Plaintiff has not shown "a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312.

## II.    <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. 2.  The undersigned further recommends that if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within 21 days of any order adopting this Report and Recommendation, this action be dismissed without prejudice to refiling, pursuant to Local Civil Rule 3.3(e).

Plaintiff is advised of her right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed with the Clerk of this Court by April 6, 2026. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**ENTERED** this 23rd day of March, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE